

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAVID STAMM, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

APPLE COMPUTER, INC.,

Defendant.

No. 04 C 8242

## MEMORANDUM OPINION AND ORDER

Plaintiff moves to remand this removed case and defendant moves to dismiss. We grant the motion to remand and, accordingly, we do not reach the motion to dismiss.

The class action complaint alleges that defendant marketed and sold a 17-inch computer monitor that was defective. There appears to be no dispute that the cost of a monitor is between $600 and $800. Nor is there any disagreement that the $75,000 jurisdictional amount must be reached by some class member – the claims of class members are not aggregated. Plaintiff alleges that no individual member is claiming damages in excess of $74,999. Because of a dependent clause reference to actual damages, defendant contends that the limit on damages refers only to actual damages, not punitive damages or attorneys' fees. Although the claim is perhaps not as artfully defined as it could be, we think it likely that plaintiff, who obviously wanted to remain in state court, meant all damages. But we need not rest on that.

Defendant contends that the jurisdictional threshold is reached unless it appears to a legal certainty that the claim is really for less than the jurisdictional amount. But that is not

the standard. Rather, in a removed case the removing party must establish jurisdiction by evidence that proves to a reasonable probability that jurisdiction exists – a reasonable probability that damages could exceed $75,000. Smith v. American General Life and Accident Insurance Co., 337 F.3d 888 (7th Cir. 2003); Del Vecchio v. Conseco, Inc., 230 F.3d 974 (7th Cir. 2000). Perhaps plaintiff could recover some punitive damages as part of his recovery for having purchased a $600-$800 lemon, although such damages are not normally awarded in a case where something does not work right but has not injured anyone. But we know of no Illinois case where a plaintiff, who could avoid his inconvenience by purchasing a replacement, has sustained a punitive damages award approximately one hundred times his actual damages, and defendant has not persuasively indicated what actual damages plaintiff may have suffered other than the purchase price.

JAMES B. MORAN
Senior Judge, U. S. District Court

March 22, 2005.